UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Abdullahi A.S.,

      Plaintiff,

v.

Leslie D. Tritten,
Kenneth T. Cuccinelli,
William P. Barr, and
Chad F. Wolf[1],
in their official capacities

      Defendants.

File No. 19-cv-2262 (ECT/BRT)

**OPINION AND ORDER**

---

P. Chinedu Nwaneri, Nwaneri Law Firm, PLLC, Houston, TX, for Plaintiff Abdullahi A.S.

Ann M. Bildtsen, United States Attorney's Office, Minneapolis, MN, for Defendants Leslie D. Tritten, Kenneth T. Cuccinelli, William P. Barr, and Chad F. Wolf.

---

      Plaintiff Abdullahi A.S. brought this case to challenge the discretionary denial of his application for adjustment of status to lawful permanent residency by United States Citizenship and Immigration Services ("USCIS"). USCIS denied Abdullahi's application because it determined that his case presented significant "negative discretionary factors," including that Abdullahi authorized the performance of female genital mutilation on his two then-four-year-old daughters and provided contradictory employment information in

---

[1] Acting Secretary of the Department of Homeland Security Chad F. Wolf is substituted for the former Acting Secretary Kevin McAleenan, because a "[public] officer's successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(d).

his application. Defendants have moved to dismiss Abdullahi's complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Defendants' motion will be granted because a statute, 8 U.S.C. § 1252(a)(2)(B)(i), deprives the federal district courts of subject-matter jurisdiction to review judgments regarding the granting of lawful permanent residency.

I[2]

Abdullahi is a citizen of Somalia who entered the United States on March 7, 2011. Compl. ¶¶ 12–13 [ECF No. 1]. On arrival, he applied for asylum. *Id.* ¶ 13. On October 16, 2014, while his asylum application remained pending, Abdullahi's wife, a United States citizen, filed an I-130 Petition for Alien Relative on his behalf. *Id.* ¶ 14; Bildtsen Decl., Ex. 1 at 1 [ECF No. 11-1].[3] USCIS approved the I-130 petition on May 21, 2015, and an

---

[2] Defendants bring a facial challenge to subject-matter jurisdiction. Mem. in Supp. at 2 n.1, 5 [ECF No. 10]. In analyzing a facial challenge, as with a Rule 12(b)(6) motion to dismiss for failure to state a claim, all factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In accord with these rules, the relevant facts are drawn from Abdullahi's complaint and are accepted as true.

[3] Ordinarily, courts do not consider matters outside the pleadings in resolving a facial challenge to subject-matter jurisdiction or a Rule 12(b)(6) motion to dismiss, *see* Fed. R. Civ. P. 12(d), but documents that are necessarily embraced by the pleadings may be considered without transforming the motion into one for summary judgment. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003) (citation omitted). Materials embraced by the complaint include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003) (quoting *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)). Abdullahi alleges the contents of USCIS's June 2018 and June 2019 decisions in his complaint, *see* Compl. ¶¶ 17–20, 28–30, but copies of the decisions are not attached to the complaint. Defendants submitted copies of the decisions with a declaration accompanying their motion to dismiss, *see* ECF Nos. 11-1 and 11-2, and Abdullahi has not questioned their authenticity. The

immigration court in Denver, Colorado, administratively closed Abdullahi's asylum application roughly one month later. Compl. ¶ 15.

On July 28, 2015, Abdullahi filed an I-485 Application to Register Permanent Residence or Adjust Status seeking to become a lawful permanent resident. *Id.* ¶ 16. While his I-485 application was pending, Abdullahi moved to Minnesota. *Id.* ¶ 18. On June 12, 2018, USCIS denied his I-485 application, explaining:

> In your case, USCIS has determined that you are eligible for adjustment of status. However, USCIS has also determined that your case presents significant adverse factors which show that discretion should not be exercised in your favor.
>
> First, on October 25, 2013, at your asylum hearing before the Immigration Court in Denver, CO, you testified, under oath, that you authorized "Female Genital Mutilation" ("FGM") to be performed on your two four-year old daughters in Somalia in 2008 and 2009 respectively. You further stated that you were present during the procedures. . . .
>
> The fact that you consented to having FGM performed on your daughters is a very significant negative factor in this matter. As noted above, FGM is considered a federal crime in the United States, as well as a state crime in Minnesota.[4] Your daughters, who were four years of age when the procedure was performed on them, could not have consented to the procedure.
>
> Additionally, there are other negative discretionary factors in your immigration history. For instance, your work history listed on your Form G-325A, Biographic Information, dated June 20, 2015, holds inconsistent dates of employment. . . .

---

documents, therefore, are necessarily embraced by the complaint and properly may be considered in adjudicating Defendants' motion to dismiss.

[4] In support of its assertion that female genital mutilation is a federal crime, USCIS cited 18 U.S.C. § 116. USCIS also cited the Minnesota statute criminalizing female genital mutilation, Minn. Stat. § 609.2245, and many other authorities establishing that female genital mutilation causes adverse health effects and "has been internationally recognized as a violation of women's and female children's rights." Bildtsen Decl., Ex. 1 at 2–3.

3

> This provision of contradictory information to USCIS raises questions regarding your veracity in general. . . .
>
> Therefore, USCIS denies your application as a matter of discretion after consideration of all the available evidence.

*Id.* ¶ 17–18; Bildtsen Decl., Ex. 1 at 2–3.

On August 3, 2018, Abdullahi filed a motion with USCIS to reopen or reconsider his I-485 application. Compl. ¶ 19. In an affidavit in support of his motion, Abdullahi claimed that the procedure performed on his daughters was not female genital mutilation but, rather, a less harmful practice called "Sunna" that does not involve mutilation. *See* Bildtsen Decl., Ex. 2 at 1, 3 [ECF No. 11-2]. Abdullahi also submitted an affidavit from one of his daughters and a medical assessment of his daughters that noted they had "no history of female genital mutilation" and normal genitalia upon examination. *Id.* at 3. On June 6, 2019, USCIS dismissed Abdullahi's motion, affirming its June 2018 decision. *Id.* at 1–3. In its decision, USCIS explained that "the Sunna Procedure is considered a form of [female genital mutilation] according to the U.S. Department of State and numerous articles written by medical professionals" and "none of the evidence you submitted confirms that the Sunna procedure is not a form of [female genital mutilation]." *Id.* at 3. USCIS wrote further that "[t]he evidence [did] not establish that the decision was based on an incorrect application of law or Service policy." *Id.*

In this case, Abdullahi seeks a declaration that his participation in female genital mutilation cannot be a proper reason for USCIS's denial of his I-485 application. Compl. at 11, ¶ (b). Abdullahi points out that a judge on the United States District Court for the Eastern District of Michigan has held that the federal statute criminalizing female genital

4

mutilation, 18 U.S.C. § 116(a), is unconstitutional. *Id.* ¶¶ 21–29 and at 2, 11; *United States v. Nagarwala*, 350 F. Supp. 3d 613 (E.D. Mich. 2018). Abdullahi alleges that the entry of this order meant that, when USCIS issued its June 6, 2019 decision, "the Michigan Court had already declared Section 116(a) unconstitutional," and "the primary basis for denial of [his] I-485 no longer exists or is null and void." Compl. ¶ 29 and at 11, ¶ (b). Abdullahi seeks an order directing Defendants to "reconsider or re-adjudicate" his I-485 application for lawful permanent residency, presumably without considering his involvement in female genital mutilation. *Id.* at 12, ¶ (c).

II

A court reviewing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) must first determine whether the movant is making a "facial" attack or a "factual" attack. *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). Defendants present a facial attack to subject-matter jurisdiction because they accept as true all of Abdullahi's factual allegations concerning jurisdiction. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); Mem. in Supp. at 2 n.1, 5 [ECF No. 10]. In analyzing a facial attack, the Court "restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted). Here, Abdullahi seeks to invoke subject-matter jurisdiction under 28 U.S.C. § 1331 by asserting a claim under the Administrative Procedures Act ("APA"),

5

5 U.S.C. § 701 et seq.[5] Compl. ¶ 6. The APA's "provisions for judicial review do not apply when (1) a statute precludes judicial review, or (2) agency action is committed to agency discretion by law." *Tamenut v. Mukasey*, 521 F.3d 1000, 1003 (8th Cir. 2008) (en banc) (citing 5 U.S.C. § 701(a)).

Defendants argue that a federal statute, 8 U.S.C. § 1252(a)(2)(B), precludes judicial review of USCIS adjudications of I-485 applications to adjust status to lawful permanent residency. That statute provides:

> **(B) Denials of discretionary relief** Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
>> (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or
>>
>> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]

8 U.S.C. § 1252(a)(2)(B). The plain text of § 1252(a)(2)(B)(i) precludes subject-matter jurisdiction over Abdullahi's claim. His complaint seeks judicial review of a discretionary judgment regarding the granting of relief under 8 U.S.C. § 1255—the statute providing for

---

[5] Abdullahi also alleges that the Declaratory Judgment Act, 28 U.S.C. § 2201, confers subject-matter jurisdiction. Compl. ¶ 6. However, the Declaratory Judgment Act is not an independent source of federal jurisdiction. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Rather, it "provides an additional remedy where jurisdiction already exists." *Terminal Freight Handling Co. v. Solien*, 444 F.2d 699, 703 (8th Cir. 1971).

adjustment of status to lawful permanent residency.[6] *See* Mem. in Supp. at 9–13; *see also Orwa A. v. Whitaker*, No. 18-cv-2043 (ECT/KMM), 2018 WL 6492353, at *7–8 (D. Minn. Dec. 10, 2018).

Abdullahi advances several arguments to show that § 1252(a)(2)(B)(i) does not preclude subject-matter jurisdiction over his claim, but none are persuasive. Abdullahi first argues that § 1252(a)(2)(B) bars judicial review only of judgments made in removal proceedings, and he points out that USCIS's denial of his application for lawful permanent residency was not made in removal proceedings. Mem. in Opp'n at 7–9. But § 1252(a)(2)(B) doesn't say that. It says judicial review is barred—not "*if*" a judgment is made in removal proceedings—but "*regardless of whether* the judgment, decision, or action is made in removal proceedings." 8 U.S.C. § 1252(a)(2)(B) (emphasis added). This language "makes clear that the jurisdictional limitations imposed by § 1252(a)(2)(B) also apply to review of agency decisions made outside of the removal context." *Lee v. U.S. Citizenship & Immig. Servs.*, 592 F.3d 612, 619 (4th Cir. 2010).[7] Abdullahi next argues

---

[6] Under 8 U.S.C. § 1255(a), "the status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." (emphasis added).

[7] Abdullahi cites one case, *Regents of the Univ. of Calif. v. U.S. Dep't of Homeland Sec.*, 908 F.3d 476 (9th Cir. 2018), to support his argument that § 1252(a)(2)(B) bars review only of decisions made in removal proceedings. Mem. in Opp'n at 8–9. *Regents* addressed whether a different statute, 8 U.S.C. § 1252(g), precluded judicial review of the Executive Branch's decision to rescind the Deferred Action for Childhood Arrivals program. *Id.* at 503–04. *Regents* says nothing that might support the interpretation of § 1252(a)(2)(B) that Abdullahi advocates here.

7

that § 1252(a)(2)(B)(i) does not bar review of decisions made by USCIS because they are not "judgments"; he says "the legal definition of judgment contemplates decisions made by judges in a court of law." Mem. in Opp'n at 10. This argument makes no sense. The point of § 1252(a)(2)(B)(i) is to address judicial review of agency judgments, and no legal authority restricts use of the term "judgment" universally to describe only judicial action. *Orwa A.*, 2018 WL 6492353, at *7 (defining "judgment" as used in § 1252(a)(2)(B)(i) to include a USCIS decision denying a request for retroactive adjustment of status). Third, Abdullahi asserts that § 1252(a)(2)(B) does not preclude review of USCIS's denial of a motion to reopen or reconsider. Compl. ¶ 9; Mem. in Opp'n at 13. In support of this argument, he cites *Pilica v. Ashcroft*, 388 F.3d 941 (6th Cir. 2004), which addressed whether the Board of Immigration Appeals' denial of a motion to remand to allow a petitioner to apply for an adjustment of status was a judgment "regarding the granting of relief." *Id.* at 945–46. Assuming *Pilica* was decided correctly, Abdullahi's case is procedurally distinguishable; unlike in *Pilica*, Abdullahi's motion to reopen or reconsider "involve[d] the consideration of relief on the merits" as contemplated by § 1252(a)(2)(B)(i). *See id.* at 948. Fourth, Abdullahi argues that "§ 1252(a)(2)(B) does not bar review of purely legal decisions regarding an alien's eligibility for relief." Mem. in Opp'n at 12. This argument mischaracterizes USCIS's decision. USCIS determined the question of Abdullahi's eligibility for adjustment of status in his favor—it determined Abdullahi was eligible for adjustment of status but that discretion should not be exercised in his favor. *See* Bildtsen Decl., Ex. 1 at 2. If USCIS had made a "purely legal decision[] regarding [Abdullahi's] eligibility for relief," judicial review would be precluded

nonetheless. *See Orwa A.*, 2018 WL 6492353, at **7–8 (concluding that § 1252(a)(2)(B)(i) precludes judicial review of purely legal questions). Regardless, Abdullahi has identified no purely legal question that USCIS resolved as part of its decisions.[8] Finally, Abdullahi asserts that § 1252(a)(2) is unconstitutional. ECF Nos. 38, 39. There are many problems with this assertion. Two deserve mention here. First, Abdullahi raised it for the first time in a separate "Motion to Declare 8 U.S.C. § 1252(a)(2) Unconstitutional" that did not comply with Local Rule 7.1. The motion could be denied on just that basis. Second, Abdullahi offers no coherent argument or authority to support this assertion. Apart from a vague reference to equal protection, he does not connect his assertion to any provision of the Constitution or a constitutional theory. Apart from *Marbury v. Madison*, 5 U.S. 137 (1803), Abdullahi cites no case. Under these circumstances, Abdullahi's assertion that § 1252(a)(2) is unconstitutional cannot justify denying Defendants' motion.

Abdullahi seeks leave to amend his complaint, but his motion must be denied as futile. Abdullahi's deadline for amending his complaint as a matter of right under Rule

---

[8] It is true that Abdullahi has identified a legal question in this case—the constitutionality of the federal statute criminalizing female genital mutilation, 18 U.S.C. § 116(a). But USCIS did not decide that question in adjudicating Abdullahi's application for lawful permanent residency. (As far as the record shows, Abdullahi never raised it.) Nor was the constitutionality of 18 U.S.C. § 116(a) essential to USCIS's decisions. As noted, USCIS cited many authorities—Board of Immigration Appeals decisions, United Nations resolutions, declarations, and reports, federal judicial decisions, a medical journal article, a Minnesota state statute criminalizing female genital mutilation, and § 116(a)—to show that Abdullahi's participation in female genital mutilation was "a very significant negative factor" weighing against a favorable exercise of discretion with respect to his application for lawful permanent residency. Bildtsen Decl., Ex. 1 at 2 – 3, Ex. 2 at 3. This conclusion is not weakened by a federal district court's holding that Congress did not have power under either the Necessary and Proper Clause or the Commerce Clause to enact § 116(a).

15(a)(1) was November 12, 2019. *See* Fed. R. Civ. P. 15(a)(1)(B); ECF No. 8. Therefore, at this stage in the litigation, Abdullahi "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "However, there is no absolute right to amend." *IBEW Local 98 Pension Fund v. Best Buy Co.*, 326 F.R.D. 513, 521 (D. Minn. 2018) (quoting *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005)). "A district court may refuse to grant leave to amend pleadings for 'undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party.'" *Id.* (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)). Denial of a motion to amend based on futility "means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion." *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007). Here, granting Abdullahi's motion to amend his complaint would be futile because his proposed amendments would not cure the absence of subject-matter jurisdiction. The only substantive amendments Abdullahi proposes are two paragraphs saying essentially the same thing—that Abdullahi "does not seek review of [USCIS's] exercise of discretion, but rather, in sum, a declaration that [US]CIS erred in its interpretation of 18 U.S.C. § 116(a) as a legal basis for its Decision[.]" Proposed Am. Compl. ¶ 32 and at 12, ¶ (c) [ECF No. 29-1]. Describing Abdullahi's claims this way does not alter their character to avoid the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(B)(i).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendants' motion to dismiss [ECF No. 8] is **GRANTED**;

2. Plaintiff's motion to amend the complaint [ECF No. 29] is **DENIED**;

3. Plaintiff's motion to declare 8 U.S.C. § 1252(a)(2) unconstitutional [ECF No. 38] is **DENIED**; and

4. This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 26, 2020

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court